IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DUKE BLEVINS, III,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CIV S-09-3457 EFB

ORDER

/

    This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(15). *See* 28 U.S.C. § 636(b)(1). Plaintiff has filed three miscellaneous motions herein: (1) a motion for his mother, Sharon Blevins, to act as a speaker on his behalf, Dckt. No. 11; (2) a motion to not dismiss the case due to the U.S. Marshal's failure of service, Dckt. No. 12; and (3) a motion for reinstatement of his social security benefits, Dckt. No. 14. On May 13, 2010, defendant filed a response to plaintiff's miscellaneous motions. Dckt. No. 20.

    Plaintiff first moves for his mother, Sharon Blevins, to act as a speaker on his behalf. Dckt. No. 11. As a threshold matter, plaintiff may not be represented by a non-attorney. To the extent that plaintiff is contending that he lacks the capacity to represent or sue on behalf of himself and is seeking appointment of a guardian ad litem there is nothing before the court to

warrant such an appointment. Moreover, plaintiff has not moved, pursuant to Federal Rule of Civil Procedure 17(c)(2), for appointment of a guardian ad litem to sue on his behalf. Rule 17(c)(2) provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action. The court cannot determine on the record currently before it that plaintiff is incompetent. Furthermore, even if a guardian were appointed, plaintiff may not have a non-attorney represent him in court[1] or sign pleadings on his behalf. Therefore, the motion for Sharon Blevins to act as a speaker on plaintiff's behalf is denied.

Although plaintiff, not his mother is the party that must present this case, plaintiff may have his mother assist in the preparation of documents that he submits to the court. However, plaintiff must sign those filings in accordance with Federal Rule of Civil Procedure 11.

Plaintiff's motion "to not dismiss the case" due to the U.S. Marshal's failure of service, Dckt. No. 12, is denied. Defendant was served and no order to show cause was issued nor has the case been dismissed.

Finally, plaintiff's motion for reinstatement of his social security benefits, Dckt. No. 14, is denied without prejudice in light of the court's scheduling order in this action setting a briefing schedule for the parties' summary judgment motions. Plaintiff's entitlement to reinstatement of his benefits must be addressed in his motion for summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for Sharon Blevins to act as a speaker on his behalf, Dckt. No. 11, is denied without prejudice;

2. Plaintiff's motion to not dismiss the case, Dckt. No. 12, is denied as moot; and

////

////

---

[1] Oral argument will likely be unnecessary in this action, but if court appearances are necessary, plaintiff must either appear through an attorney of represent himself.

2

1      3.  Plaintiff's motion for reinstatement of his social security benefits, Dckt. No. 14, is
2  denied without prejudice in light of the court's scheduling order in this action setting forth a
3  briefing schedule for the parties' summary judgment motions.
4      IT IS SO ORDERED.
5  DATED:   June 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE